UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| DORENDA M. DAVIS,<br>　　　Plaintiff<br><br>v.<br><br>MIDLAND FUNDING, LLC, ASSIGNEE OF HOUSEHOLD; MIDLAND CREDIT MANAGEMENT, INC.; and ENCORE CAPITAL GROUP, INC.<br>　　　Defendants | Civil Action No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT

DORENDA M. DAVIS ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against Defendants, MIDLAND FUNDING, LLC, ASSIGNEE OF HOUSEHOLD ("Midland"), Midland Credit Management, Inc. ("MCM"), and Encore Capital Group, Inc. ("Encore") (collectively "Defendants") Plaintiff states as follows:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction over the federal claims contained therein.

3. Defendant conducts business in the State of Delaware and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Bear, Delaware 19701.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant MIDLAND is a national debt collection company with corporate headquarters located at 8875 Aero Drive, Suite 200, San Diego, California, 92123.

9. Defendant MCM is a national debt collection company with corporate headquarters located at 8875 Aero Drive, Suite 200, San Diego, California, 92123.

10. Defendant ENCORE is a national debt collection company with corporate headquarters located at 8875 Aero Drive, Suite 200, San Diego, California, 92123.

11. Defendants are each a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff.

12. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

13. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that

violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

14. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

15. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

PLAINTIFF'S COMPLAINT

16. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

17. At all pertinent times hereto, Defendants were allegedly hired to collect a debt relating to a debt allegedly originally owed to Citibank.

18. The alleged debt at issue arose out of transactions which were primarily for personal, family, or household purposes.

19. Based on information and belief, Defendant MCM was acting on behalf of Defendants MIDLAND and ENCORE, at all times set forth herein.

20. Defendant MCM began contacting Plaintiff by telephone from the following phone number in efforts to collect an alleged debt: (800) 265-8825. The undersigned has confirmed that the number belongs to Defendant MCM.

21. Defendant MCM contacted Plaintiff at her place of employment on April 13, 2010, informing Plaintiff about various payment options to resolve the alleged debt.

22. Plaintiff was not permitted to receive personal telephone calls of this nature at work.

23. On or about June 22, 2010, Defendant MCM sent correspondence entitled "PRE-LEGAL NOTIFICATION" to Plaintiff seeking and demanding for an alleged debt owed to Citibank. See Exhibit A, Defendant's June 22, 2010 letter.

24. Defendant MCM failed to identify itself as a debt collector in a conspicuous place, on the front of its June 22, 2010 correspondence to Plaintiff. See Exhibit A.

25. Instead, Defendant MCM identified itself as a debt collector in an inconspicuous place, such as on the back of its correspondence to Plaintiff, with the intent to mask its true identity as a debt collector. See Exhibit A.

26. Defendant MCM's June 22, 2010 letter goes on to threaten: "This letter is to inform you that we are considering forwarding this account to an attorney with the intent to initiate legal action to satisfy the debt." See Exhibit A.

27. The June 22, 2010 letter further indicated: "If we don't hear from you by 07-22-2010, we may proceed with forwarding this account to an attorney." See Exhibit A.

28. When no response was received by July 22, 2010, Defendants did not take any legal action against Plaintiff, and has not since this date.

29. Based on information and belief, Defendants did not intend to take legal action against Plaintiff.

30. The June 22, 2010 correspondence presented Plaintiff with two options with regard to the debt, both requiring Plaintiff to make a payment. See Exhibit A.

31. Within five (5) days of its initial communication with Plaintiff, Defendants failed to send Plaintiff written correspondence indicating the name of the creditor to whom the debt was owed, advising her of her rights to dispute the debt and/or request verification of the debt.

32. Had Defendants provided an appropriate communication in accordance with 15 U.S.C. §1692g, Plaintiff would have been alerted of her right to validate and/or dispute the debt.

33. Defendants' actions in attempting to collect the alleged debt were harassing, and highly deceptive.

PLAINTIFF'S COMPLAINT

## CONSTRUCTION OF APPLICABLE LAW

34.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

35.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

36.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it

ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

31. In its actions to collect a disputed debt, Defendants violated the FDCPA in one or more of the following ways:

    a. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. §1692d.

    b. Using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. §1692e;

    c. Threatening to take action that it could not legally take or did not intend to take in violation of 15 U.S.C. §1692e(5);

    d. Using false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning Plaintiff, in violation of 15 U.S.C. §1692e(10);

    e. Failing to disclose to Plaintiff its identity as a debt collector and failing to disclose to Plaintiff that it was attempting to collect a debt and any information obtained will be used for that purpose, in violation of 15 U.S.C. §1692e(11);

    f. Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f;

g. Defendant violated §1692g(a) of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, indicating the name of the creditor to whom the debt is owed, and advising Plaintiff of her rights to dispute the debt or request verification of the debt; and

h. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, DORENDA M. DAVIS, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DORENDA M. DAVIS, demands a jury trial in this case.

DATED: 04/26/11

KIMMEL & SILVERMAN, P.C.

/s/ W. Christopher Componovo
W. Christopher Componovo
Attorney ID # 3234
Kimmel & Silverman, PC
Silverside Carr Executive Center
Suite 118, 501 Silverside Road
Wilmington, DE 19809
(302) 791-9373 phone
(302) 791-9476 fax

PLAINTIFF'S COMPLAINT